Robert K. Meyer, OSB #086470
robert@oregonworkplacelaw.com
Talia Y. Guerriero, OSB #115271
talia@oregonworkplacelaw.com
Meyer Stephenson
1 SW Columbia, Suite 1850
Portland, OR 97258
Phone: 503/ 459-4010

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **DAVID PEER,** | |
| Plaintiff | Case No.: 3:20-cv-01155 |
| v. | COMPLAINT |
| **RICK'S CUSTOM FENCING AND DECKING, INC.,** a domestic business corporation, and **RICHARD LEE STANLEY,** an individual, | State Wage and Hour Violations: ORS 659A.355, ORS 652.610, ORS 652.120, ORS 653.025, & ORS 652.140; Federal Wage and Hour Violations: 29 U.S.C. § 203(r), & 29 U.S.C. § 215(a)(3); Retaliation – ORS 659A.199; Disability Discrimination: TITLE I OF THE ADA (42 U.S.C. §12111, *et. seq.*, ORS 659A.109, ORS 659A.112, & ORS 659A.118; Worker's Compensation Discrimination and Retaliation: ORS 659A.040, ORS 659A.043, & ORS 659A.046; Family Leave Act Violations: 29 U.S.C. § 2601 *et seq.*, ORS 659A.183; Oregon Sick Leave Violations: ORS 653.641; Wrongful Discharge in Violation of Public Policy; Aiding & Abetting – ORS 659A.030; FLSA Collective Action; Unjust Enrichment; Breach of Contract; Promissory Estoppel; Breach of Covenant of Good Faith & Fair Dealing |
| Defendants | |
| | **DEMAND FOR JURY TRIAL** |

Page 1    **COMPLAINT**

**Nature of the Action**

Plaintiff DAVID PEER agreed to work for RICK'S CUSTOM FENCING AND DECKING, INC. and RICHARD LEE STANLEY ("Defendants") under the terms of a commission plan that Defendants failed to honor. Instead of paying Peer his earned commissions, Defendants unlawfully kept Peer's earned commission money in a "bank" and then used it inappropriately to pay out Peer's future minimum wages. Additionally, Defendants improperly deducted money from Peer's paychecks for subsequent work needed on customers' projects. At times, Defendants even unilaterally switched its payment method to Peer without notice. Defendants retaliated against Peer and other employees when they inquired about their wages and commissions.

Additionally, Peer was injured from a fall at work in November 2019 and filed a worker's compensation claim. Defendants terminated Peer within mere weeks, inaccurately stating that he was terminated for not calling in or contacting them while he was on leave.

Due to Defendants' unlawful conduct, Plaintiff brings this action for monetary relief, damages, costs, and attorney fees for himself to redress injuries done to him by Defendants, including employees or agents of said Defendants, in violation of the the State Wage and Hour laws: ORS 659A.355, ORS 652.610, ORS 652.120, ORS 653.025, & ORS 652.140; Federal Wage and Hour laws: the Fair Labor Standards Act, 29 U.S.C. § 203(r) (hereinafter "FLSA"), & 29 U.S.C. § 215(a)(3); Retaliation Laws: ORS 659A.199; Disability Laws: TITLE I OF THE ADA, 42 U.S.C. §12111, et. seq., ORS 659A.109, ORS 659A.112, & ORS 659A.118; Worker's Compensation Discrimination and Retaliation Laws: ORS 659A.040, ORS 659A.043, & ORS 659A.046; Family Leave Act Laws: 29 U.S.C. § 2601 et seq., ORS 659A.183; Oregon Sick Leave Laws: ORS 653.641; the tort of Wrongful Discharge in Violation of Public Policy; Aiding and Abetting, ORS 659A.030; FLSA Collective Action claims; and the torts of Unjust Enrichment, Breach of Contract, Promissory Estoppel, and Breach of the Covenant of Good Faith and Fair Dealing.

**Jurisdictional Allegations**

1.    The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, FLSA, as amended (29 U.S.C. §201, et seq.), and supplemental

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

2. Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

**General Factual Allegations**

3. Plaintiff is a resident of Multnomah County, Oregon.

4. Defendant Rick's Custom Fencing and Decking, Inc. ("RCFD") is an Oregon Domestic Business Corporation.

5. Defendant Stanley is a resident of Camas, Washington and the President of Defendant RCFD.

6. Defendants have, at all relevant times, conducted regular, sustained business activity and had an office for the transaction of business in Multnomah and Washington Counties. Defendants purposefully directed their activities with the forum and performed acts by which they purposefully availed themselves of the privilege of conducting activities in the forum, these claims arise out of and are related to Defendants' forum-related activities; and the exercise of jurisdiction comports with fair play and substantial justice.

7. At all material times herein, Defendants employed at least 50 employees and were "employers" within the meaning of FLSA §3(d), 29 U.S.C. §203(d) and ORS 659A.001(4)(a). Defendant Stanley was a person acting directly or indirectly in the interest of Defendant RCFD in relation to its employees and had economic and operational control over Defendant RCFD in its business in the State of Oregon.

8. At all material times herein, Defendant Stanley was a "person" within the meaning of ORS 659A.001(9).

9. At all material times herein, Defendants' employees or agents supervised Plaintiff and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors and management.

10. At all material times herein, Plaintiff was covered by the FLSA.

11. At all material times herein, Plaintiff was supervised by Defendants' employees or agents, including Paul Glassner, and Plaintiff relied on the actual or apparent authority of

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

Defendants' employees, supervisors and management.

12.    Defendant hired Plaintiff in approximately May of 2016 as a fence builder and Plaintiff performed well for the Company over his four years.

13.    Plaintiff entered into a commission agreement contract with Defendants whereby Plaintiff would receive a percentage of the amount paid by a customer for the construction projects on which he worked. However, Defendants routinely failed to pay Plaintiff the entire commission.

14.    For example, Defendants inappropriately deducted amounts from Plaintiff's wages without permission when the customers needed additional follow up work. Defendants concealed their calculation for these deductions and failed to get authorizations.

15.    Defendants also fail to pay Plaintiff and his coworkers their full commission and instead put Plaintiff's and other employees' commission money into a "bank" that it would later use to satisfy its own obligation to pay minimum wage. Plaintiff could never make more than minimum wage and was not paid all of the wages promised and earned.  Under this practice, Defendants intentionally manipulated the earned commission calculation for their financial gain at the expense of Plaintiff and his coworkers. Plaintiff and his coworkers were not paid minimum wage for all hours worked or overtime for all overtime hours worked.

16.    At times, Defendant unilaterally switched its payment method to Peer and his coworkers without notice and paid them as an "hourly" employee at minimum wage rather than a commissioned employee.

17.    Plaintiff encountered multiple wage issues throughout his employment and had difficulty understanding how Defendant was applying the commission agreement. Whenever he or his colleagues made wage inquiries or complaints, they were met with resistance, shouting and yelling, and general hostility. Defendant consistently obfuscated the wage issues and provided confusing and misleading information, and Plaintiff never had his questions adequately answered. In approximately May of 2019, General Manager Tom Marshall stormed out of his office screaming "this is bullshit" when Plaintiff attempted to address unauthorized deductions from his paystubs.

18.    Late on approximately November 13, 2019, Plaintiff was removing a concrete post plug from the ground with a steel bar when he lost his balance and fell approximately 3-4 feet onto his

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

hands and left knee, injuring his back.

19.    On the morning of approximately November 14, 2019, Plaintiff went to the Legacy Emanuel Emergency Department for treatment and was hospitalized for several days. His injuries included acute cervical strain, acute bilateral low back pain, lumbar spine strain, and left knee contusion. Plaintiff's on-the-job injury is also a disability as it substantially interfered with his ability to perform major life activities.  Plaintiff's injury is also a serious health condition.

20.    As a result of the injury, Plaintiff filed a worker's compensation injury report and his claim was ultimately accepted.

21.    During November and December 2019, Plaintiff kept in close contact with his immediate supervisor, Paul Glassner, via text messages informing Glassner of his medical status.

22.    On approximately November 18, 2019, Plaintiff's doctor issued work restrictions that took him off work due to the pain he was experiencing from his injury.

23.    On approximately December 4, 2019, Defendants sent Plaintiff a letter regarding a light duty position starting after Plaintiff received the letter.

24.    When Plaintiff received the letter, he was in an immense amount of pain to the point that he could not drive his car. Plaintiff informed Glassner that he was scheduling a doctor's appointment to address whether he could actually return to work on the light duty and requested additional time off to attend the doctor's appointment. Plaintiff also texted Glassner about his status on December 10, 2019 and December 11, 2019.

25.    On approximately December 11, 2019, Plaintiff's doctor clarified that he was to remain off work until December 16, 2019, at which time he was released to the light duty position.

26.    On approximately December 16, 2019, Plaintiff returned to work for the light duty position consistent with his doctor's instructions. However, Defendants told Plaintiff he had been fired for failing to keep in contact about his injuries and disabilities. Plaintiff explained that he had been in touch with Glassner, but Defendants failed to reinstate him or review his doctor's note.

27.    On approximately December 21, 2019, Glassner informed Plaintiff that he did not agree with the termination decision because Glassner had been informing upper management of all the information that Plaintiff shared with him about his medical status and need for doctor's

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

appointments.

28.    Defendant failed to pay all of the wages owed to Plaintiff upon his termination. On May 14, 2020, Plaintiff gave notice of unpaid wages and Defendant has failed to provide payment to date.

29.    The unlawful employment practices described herein were done intentionally and with malice or with reckless indifference to Plaintiff's legal rights.

**First Claim For Relief**

**ORS 659A.355– Retaliation for Wage Inquiry**

**(Against Defendant RCFD)**

30.    Plaintiff realleges the paragraphs above as fully set forth herein.

31.    Defendant took adverse actions and discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part because Plaintiff inquired about, discussed or disclosed in any manner his wages.

32.    Plaintiff's discussion or inquiry about his wages was a substantial factor in Defendant's adverse actions against Plaintiff.

33.    Because of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial pursuant to ORS 659A.885.

34.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial pursuant to ORS 659A.885.

35.    Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's legally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial pursuant to ORS 659A.885.

36.    Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885.

**Second Claim For Relief**

**ORS 652.610 – Unlawful Deductions**

**(Against Defendant RCFD)**

37.    Plaintiff realleges the paragraphs above as fully set forth herein.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

38.     Pursuant to ORS 652.610, Defendant was prohibited from withholding, deducting or diverting certain amounts from Plaintiff's wages, except in certain circumstances that are not present here. In taking the actions described above, Defendant withheld, deducted and/or diverted amounts from Plaintiff's wages in violation of the statute.

39.     Defendant also failed to provide the information required by ORS 652.610 in an itemized statement along with Plaintiff's wages.

40.     Plaintiff is entitled to (for each violation) the greater of $200 or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs, penalties, and pre- and post-judgment interest.

### Third Claim For Relief

### Failure to Pay Wages— ORS 652.120

### (Against Defendant RCFD)

41.     All previous paragraphs are incorporated by reference herein.

42.     The facts set forth above establish that Defendant failed to pay Plaintiff all wages due and owing to them on their regular paydays, therefore violating ORS 652.120(1).

43.     Upon receiving notice of the unpaid wages, Defendant failed to pay Plaintiff any undisputed amounts within the time allotted in ORS 652.120(5).

44.     Pursuant to ORS 652.200(2), Plaintiff is entitled to an award of his unpaid wages, plus costs and reasonable attorney fees.

### Fourth Claim For Relief

### Failure to Pay Wages — ORS 653.025

### (Against Defendant RCFD)

45.     Plaintiff realleges the paragraphs above as fully set forth herein.

46.     At all material times, Plaintiff was not paid for all time worked because Defendant failed to compensate him for all of the time of authorized or required attendance, in which he was present and clocked-in, because of Defendants' above-described actions.

47.     As a result of said conduct, Plaintiff is entitled to payment from Defendants of all unpaid wages in an amount to be proven at trial pursuant, prejudgment interest thereon and penalty under ORS 653.055.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

48.    Plaintiff is also entitled to payment of his reasonable attorney's fees and costs pursuant to ORS 652.200 and ORS 653.055(4).

### Fifth Claim For Relief

### Oregon Unpaid Wages Upon Termination Claim – ORS 652.140

### (Against Defendant RCFD)

49.    All previous paragraphs are incorporated by reference herein.

50.    Pursuant to ORS 652.140, Defendant was required to pay Plaintiff all wages due upon termination of his employment by the applicable statutory deadline(s) but willfully failed to do so.

51.    For such violation(s), Plaintiff is entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorneys' fees and costs, as well as pre- and post-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150 and ORS 652.200.

### Sixth Claim For Relief

### Failure to Pay Minimum Wage in Violation of the FLSA - 29 U.S.C. § 203(r)

### (Against All Defendants)

52.    All previous paragraphs are incorporated by reference herein.

53.    Defendants have been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

54.    Defendants violated and continues to violate Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff at least the federal minimum wage for all hours worked in all workweeks.

55.    Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA. Defendants knew or should have known of the FLSA's minimum-wage requirements but nevertheless failed to properly compensate Plaintiff. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wage found by the Court to be due.

56.    Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), any minimum wage and

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

overtime compensation found by the Court to be due Plaintiff plus an additional equal amount in liquidated damages and attorney's fees and costs.

**Seventh Claim For Relief**

**FLSA Retaliation – 29 U.S.C. 215(a)(3)**

**(Against All Defendants)**

57.    All previous paragraphs are incorporated by reference herein.

58.    Defendants are an employer within the meaning of 29 U.S.C. §203. Plaintiff is an employee within the meaning of 29 U.S.C. §203. Plaintiff engaged in protected activity when he complained about Defendants' violations of the FLSA including but limited to as alleged above.

59.    Defendants, through the actions of their agents, retaliated against Plaintiff because he engaged in protected activity under the FLSA.

60.    As a result of Defendants' retaliation, Plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial. Plaintiff requests all compensatory damages, punitive damages, liquidated damages and equitable relief provided by law in addition to his attorney fees and costs pursuant to 29 U.S.C. §216.

**Eighth Claim For Relief**

**ORS 659A.199- Retaliation**

**(Against Defendant RCFD)**

61.    All previous paragraphs are incorporated by reference herein.

62.    Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's reporting and/or opposition to unlawful employment practices which he in good faith believed violated state or federal law, rule or regulation.

63.    Plaintiff's reporting/opposing what he believed in good faith to be age discrimination and wage retaliation was a substantial factor in Defendant's decision to threaten discipline, refuse to investigate his complaints, and terminate Plaintiff.

64.    Because of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial pursuant to ORS 659A.885.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

65.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial pursuant to ORS 659A.885.

66.   Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's legally protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial pursuant to ORS 659A.885.

67.   Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885.

### Ninth Claim for Relief
### TITLE I OF THE ADA (42 U.S.C. §12111, *et. seq*) –
### Disability/Perceived Disability Discrimination
### (Against Defendant RCFD)

68.   All previous paragraphs are incorporated by reference herein.

69.   As set forth above, at all material times, Plaintiff had a disability covered by the ADA. Despite her disability, Plaintiff could perform the essential functions of the position with or without accommodation.

70.   As set forth above, Defendant knew about Plaintiff's disability at all relevant times.

71.   Alternatively, as set forth above, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

72.   Defendant's termination of Plaintiff was substantially motivated by his disability/perceived disability and constitutes unlawful disability discrimination in violation of the ADA.

73.   As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

74.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

75.   Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendant should be assessed punitive damages pursuant to

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

42 USC §1981(b)(1) in an amount to be determined at trial.

76.    Plaintiff is entitled to recover his costs and attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

### Tenth Claim For Relief
### ORS 659A.112 – Disability/Perceived Disability Discrimination
### (Against Defendant RCFD)

77.    All previous paragraphs are incorporated by reference herein.

78.    During his employment, Plaintiff was a qualified person with a disability as defined by ORS 659A.104.  Despite his disability, Plaintiff could perform the essential functions of the position with or without accommodation.

79.    Defendant knew about Plaintiff's disability at all material times.

80.    Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

81.    Defendant took adverse employment actions against Plaintiff in violation of his state-protected rights, including terminating, failing to re-employ, and failing to reinstate/assign Plaintiff further work.

82.    Defendant's adverse actions taken against Plaintiff were substantially motivated by his disability/perceived disability and constitute unlawful disability discrimination in violation of ORS 659A.112.  Furthermore, Defendant failed to engage in the interactive process and failed to offer reasonable accommodation in violation of 659A.112.

83.    Because of Defendant's unlawful actions, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial pursuant to ORS 659A.885.

84.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial pursuant to ORS 659A.885.

85.    Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's legally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial pursuant to ORS 659A.885.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

86.    Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885.

## Eleventh Claim For Relief

### ORS 659A.109 – Disability/Perceived Disability Retaliation

### (Against Defendant RCFD)

87.    All previous paragraphs are incorporated by reference herein.

88.    Plaintiff engaged in protected activity under 659A.109, including but not limited to requesting a reasonable accommodation of his medical condition.

89.    Defendant retaliated against Plaintiff in violation of 659A.109.  Defendant took adverse employment actions against Plaintiff in violation of his state-protected rights, including by terminating, failing to reinstate and/or assign Plaintiff further work.

90.    Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Twelfth Claim For Relief

### ORS 659A.112 and 659A.118 – Failure to Accommodate

### (Against Defendant RCFD)

91.    All previous paragraphs are incorporated by reference herein.

92.    Defendant engaged in an unlawful employment practice by failing to engage in the interactive process and/or failing to make reasonable accommodation for Plaintiff's disability in violation of ORS 659A.112 and ORS 659A.118, resulting in Plaintiff losing income and suffering emotional distress.

93.    Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Thirteenth Claim For Relief

### ORS 659A.040 – Workers' Compensation Discrimination/Retaliation

### (Against Defendant RCFD)

94.    All previous paragraphs are incorporated by reference herein.

95.    Plaintiff engaged in various protected activity under ORS 659A.040, including reporting an on-the-job injury to Defendant, obtaining treatment for an on-the-job injury and filing a workers' compensation claim Defendant.

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

96.    Plaintiff invoking workers' compensation rights was a substantial factor in Defendant's decision to take adverse actions against Plaintiff, including its decision to terminate Plaintiff. Defendant's actions constitute injured worker discrimination/retaliation in violation of ORS 659A.040.

97.    As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

98.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

99.    Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state-protected rights.  Defendant should be assessed punitive damages pursuant in an amount to be determined at trial.

100.    Plaintiff also seeks injunctive relief prohibiting Defendant from discriminating or retaliating against employees due to an on-the-job injury or disability and/or for invoking the workers' compensation system.

101.    Plaintiff is entitled to recover his costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

**Fourteenth Claim for Relief**

**ORS 659A.043 & 659A.046 – Failure to Reinstate/Reemploy an Injured Worker**

**(Against Defendant RCFD)**

102.    All previous paragraphs are incorporated by reference herein.

103.    Defendant engaged in an unlawful employment practice by failing to reinstate and/or reemploy Plaintiff in violation 659A.043 and 659A.046.

104.    Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

//

//

//

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Fifteenth Claim For Relief**

**FMLA Leave Denial/Interference/Retaliation**

**(Against Defendant RCFD)**

105.   All previous paragraphs are incorporated by reference herein.

106.   At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

107.   At all material times, Plaintiff suffered from a serious health condition.

108.   Plaintiff invoked FMLA and sufficiently notified Defendant of his need for FMLA. Plaintiff notified Defendant of circumstances sufficient to put Defendant on notice that FMLA may apply, including notifying Defendant about his serious health condition and treatment for the same.  Plaintiff utilized leave that was protected leave under FMLA.

109.   As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff.

110.   In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 et seq. causing Plaintiff to suffer damages.

111.   As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to lose income and benefits in the future.

112.   In perpetrating the above actions, Defendant acted willfully and/or with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA.  As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

113.   Plaintiff is entitled to recover his costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

//

//

//

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Sixteenth Claim For Relief**

**ORS 659A.183 - OFLA Leave Denial/Interference/Retaliation**

**(Against Defendant RCFD)**

114.    All previous paragraphs are incorporated by reference herein.

115.    At all material times, Plaintiff worked on average at least 25 hours per week during the 180 days before the date of the medical leave.

116.    At all material times, Plaintiff suffered from a serious health condition.

117.    Plaintiff utilized leave that was protected leave under OFLA.

118.    As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including terminating Plaintiff.

119.    In perpetrating the above actions, Defendant violated ORS 659A.183 causing Plaintiff to suffer damages.

120.    As a result of Defendants' unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

121.    Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

**Seventeenth Claim for Relief**

**ORS 653.641 - Oregon's Sick Time Law (OSTL)**

**Denial, Interference, Discrimination, or Retaliation**

**(Against Defendant RCFD)**

122.    All previous paragraphs are incorporated by reference herein.

123.    At all relevant times, Plaintiff qualified for sick time under ORS 653.616

124.    Plaintiff invoked his need for, utilized and/or attempted to utilize leave that was protected sick time leave under Oregon law.

125.    As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

adverse employment actions against Plaintiff, including terminating Plaintiff.

126.    Plaintiff realleges damages, costs, and attorneys' fees as stated in the paragraphs above. Plaintiff further seeks an injunction prohibiting Defendant from further denying or interfering with its employees' right to protected sick time under Oregon law.

**Eighteenth Claim For Relief**

**Wrongful Discharge in Violation of Public Policy**

**(Against Defendant RCFD)**

127.    All previous paragraphs are incorporated by reference herein.

128.    At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for reporting information the employee believed was evidence of a violation of a state or federal law, rule, or regulation. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States including, but not limited to Oregon wage and hour laws and the FLSA.

129.    At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize Oregon sick leave and/or protected medical leave. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including, but not limited to: ORS 653.601 to 653.661, including ORS 653.641 (OSLA); ORS 659A.183 (OFLA); OAR 839-009-0200 et seq.; 29 U.S.C. §2601, et seq. (FMLA); and Yeager v. Providence Health System Oregon, 195 Or App 134 (2004).

130.    Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating and retaliating against Plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave and for reporting information in good faith of a violation of a state or federal law, rule, or regulation. The discharge was unlawful and in violation of the public policy of the State of Oregon.

131.    Defendant, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff for opposing and/or making good faith complaint about unlawful

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

conduct and invoking protected leave.

132.    Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

133.    Because of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

134.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

135.    Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's legally protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

### Nineteenth Claim For Relief

### ORS 659A.030 – Aiding and Abetting

### (Against Defendant Stanley)

136.    All previous paragraphs are incorporated by reference herein.

137.    Defendant Stanley violated Oregon Revised Statute 659A.030(1)(g) by aiding, abetting, inciting, compelling or coercing Defendant RCFD in engaging in unlawful retaliation against Plaintiff, as set forth in detail above under ORS 659A.199, 659A.355, ORS 659A.109, ORS 659A.112, ORS 659A.118, 659A.040, ORS 659A.043, & ORS 659A.046, & ORS 659A.183.

138.    As a result of Defendant Stanley's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

139.    Plaintiff is entitled to recover costs and attorney fees pursuant to ORS 659A.885.

140.    As a direct and proximate result of Defendant Stanley's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss in an amount to be determined at trial.

141.    Defendant Stanley's conduct was reckless, willful and/or wanton and Plaintiff seeks punitive damages.

//

//

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Twentieth Claim for Relief**

**FLSA Claim – Collective Action Allegations**

**(Against All Defendants)**

142.    Plaintiff on his own behalf and on behalf of the class he seeks to represent alleges and incorporates by reference all prior paragraphs.

143.    During Plaintiff's employment with Defendants, Plaintiff and many of his coworkers were non-exempt, hourly employees covered by FLSA legally entitled to be compensated per the commission agreements.

144.    Defendants willfully failed to compensate Plaintiff and his coworkers per the commission agreements, unlawfully deducted from their paychecks, and inappropriately put the employees' own commission money into a "bank" that they later used to meet their own obligation to pay minimum wage.

145.    Under this practice, Defendants intentionally manipulated the earned commission calculation for their financial gain at the expense of Plaintiff and his coworkers. Plaintiff and his coworkers were not paid minimum wage for all hours worked or overtime for all overtime hours worked.

146.    Plaintiff and his coworkers should be compensated for all of the unpaid minimum wage, to be determined after subtracting the money Defendants used from Plaintiff and his coworkers' commission "banks."

147.    Plaintiff and the class he seeks to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the applicable statutes of limitations, and who have not been compensated appropriately.

148.    Questions of law and fact common to the class as a whole include, but are not limited to, the following:

(a) Whether Defendants failed and continue to fail to pay their non-exempt hourly employees' compensation appropriately per the commission agreements;

(b) Whether Defendants' policies and practices of its failure to pay to Plaintiff and the class of non-exempt hourly employees he seeks to represent per the commission agreement violate the applicable provisions of the FLSA;

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

(c) Whether Defendants use of a "bank" for its non-exempt hourly employees' to store the employees' commission earnings for future use to pay their minimum wage violates the applicable provisions of the FLSA;

(d) Whether Defendants' failure to pay to Plaintiff and the class he seeks to represents as described above was willful within the meaning of the FLSA.

149.    The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff on behalf of himself and the class he seeks to represent because Plaintiff's FLSA claims are similar to those of the members of the prospective class.

150.    Plaintiff and the class he seeks to represent are similarly situated and are subject to Defendants' common practice, policy, or plan of banking employees' commissions for future minimum wage pay in violation of the FLSA.

151.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has retained counsel competent and experienced in FLSA collective action litigation and employment law litigation.

**Twenty-First Claim for Relief**

**FLSA Collective Action – Failure to Pay Wages**

**(Against all Defendants)**

152.    Plaintiff on his own behalf and on behalf of the class he seeks to represent alleges and incorporates by reference all prior paragraphs.

153.    At all material times herein, Defendants were and are an "employer" within the meaning of the FLSA.

154.    At all material times herein, Defendants were and continue to be "an enterprise engaged in commerce" under the FLSA.

155.    At all material times herein, Defendants employed Plaintiff and continues to employ putative members, within the definition of 29 U.S.C. § 203(e)(1).

156.    The FLSA requires each covered employer such as Defendants to compensate all hourly employees the minimum wage "free and clear" under 29 U.S.C. §§207(a) for all time spent working.

157.    Plaintiff and the class he seeks to represent were and are paid hourly and not exempt from

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

minimum wage provisions of the FLSA.

158.    Defendants failed to properly compensate Plaintiff and the class he seeks to represent at the rate of one and one-half times the lawfully required regular rate for all weeks in which overtime was actually worked. This constitutes a violation of 29 U.S.C. §207(a), causing damages to Plaintiff and the class he seeks to represent in an amount to be determined at trial.

159.    During the relevant period herein, Defendants had a policy and practice of failing and refusing to pay its hourly employees minimum wage "free and clear" for all hour worked because they banked the employees' commission pay and used it to pay the employees' future minimum wage.

160.    The above practices resulted in Plaintiff and the class he seeks to represent losing a substantial portion of their earned commissions which resulted in them being denied payment of applicable minimum wages in an amount to be determined by the evidence at trial.

161.    By failing to compensate its hourly employees, including Plaintiff and the class he seeks to represent, Defendants violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

162.    Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

163.    Plaintiff on his own behalf and on behalf of the class that he seeks to represent are entitled to damages in the amount of their respected unpaid compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and such other legal and equitable relief as the Court deems just and proper.

164.    Plaintiff on his own behalf and the class he seeks to represent requests recovery of attorneys' fees and costs associated with this case under 29 U.S.C. § 216(b).

**Twenty-Second Claim for Relief**

**UNJUST ENRICHMENT**

**(Against All Defendants)**

165.    Plaintiff on his own behalf and on behalf of the class he seeks to represent alleges and incorporates by reference all prior paragraphs.

166.    Defendants' practices of misappropriating a portion of Plaintiff's and the class he seeks

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

to represent' earned commissions and failing to pay for hours worked were inequitable and constituted unjust enrichment under applicable state laws.

### Twenty-Third Claim for Relief
### BREACH OF CONTRACT
### (Against Defendant RCFD)

167.    Plaintiff on his own behalf and on behalf of the class he Plaintiff realleges the paragraphs above as though fully set forth herein.

168.    The Agreement between Plaintiff and Defendant provided that Defendant would pay Plaintiff certain commissions.

169.    Defendant breached the Agreement by failing to pay the agreed-upon commissions, including implementing an illegal chargeback and "banking" scheme that unlawfully deducted commissions from Plaintiff's wages in violation of the Agreement.

170.    Instead of performing its obligations to Plaintiff as set forth in the Agreement, Defendant failed to pay Plaintiff and terminated Plaintiff.

171.    As a result of Defendant's breach(es) of the Agreement, Plaintiff has lost income and continues to lose income, in an amount to be proven at trial.

### Twenty-Fourth Claim for Relief
### PROMISSORY ESTOPPEL
### (Against Defendant RCFD)

172.    Plaintiff realleges the paragraphs above as though fully set forth herein.

173.    Defendant promised Plaintiff to pay him commissions as part of his work for Defendant.

174.    It was reasonably foreseeable that Defendant's promise(s) to Plaintiff would induce Plaintiff to rely upon said promise to his detriment.

175.    Plaintiff reasonably relied upon Defendant's promise(s).

176.    Plaintiff's reliance on Defendant's promise resulted in a substantial change in Plaintiff's position, to wit: Plaintiff continued in the position with Defendant, lost income due to being denied the commissions that were promised, and eventually lost his job.

177.    Plaintiff realleges damages for lost income as alleged above.

/ / /

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Twenty-Fifth Claim for Relief**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

**(Against Defendant RCFD)**

178.  Plaintiff realleges the paragraphs above as though fully set forth herein.

179.  The Agreement between Plaintiff and Defendant included the implied covenant of good faith and fair dealing.

180.  Defendant failed to pay Plaintiff as agreed and instead obfuscated its manipulations of Plaintiff's wages and retaliated when Plaintiff inquired about the manipulations. In order to avoid its obligations to Plaintiff as set forth in the Agreement, Defendant terminated Plaintiff. Defendant's failure to pay all wages due, obfuscation of its manipulation, and termination of Plaintiff to avoid its obligation(s) to Plaintiff in the Agreement breached the implied covenant of good faith and fair dealing.

181.  As a result of Defendant's breach(es) of the implied covenant of good faith and fair dealing, Plaintiff has lost income and continues to lose income, in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  Designation of Plaintiff DAVID PEER as the representative;

2.  Opportunity to notify other similarly situated employees to opt-in to this action pursuant to 29 U.S.C.§ 216(b);

3.  Restitution for the portion of the minimum wage that Plaintiffs and the class he seeks to represent have not received;

4.  Compensation for the overtime work for which Plaintiffs and the class he seeks to represent have not been compensated at a rate of one and one-half the lawfully required rate;

5.  Compensation for wages and commissions earned but unpaid;

6.  Liquidated damages pursuant to 29 U.S.C. § 216(b);

7.  Attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

8.    For permanent injunctive relief enjoining Defendants from engaging in any unlawful employment practice;

9.    Economic damages and future losses for Plaintiff to be determined at trial;

10.   Penalty wages pursuant to Oregon law;

11.   Non-economic damages for Plaintiff to be determined at trial;

12.   Punitive damages in an amount to be determined at trial;

13.   Reasonable costs and attorney fees for Plaintiff; and

14.   For such other and further relief as the Court may deem just and equitable.

DATED this 17th day of July, 2020.

s/ Talia Y. Guerriero

Robert K. Meyer, OSB No. 086470
Talia Y. Guerriero, OSB No. 115271
Of Attorneys for Plaintiff

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022